# UNITED STATES DISTRICT COURT
for the
Middle District of Louisiana

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 15- MJ-116-UNA
15066 Lockridge Avenue, Pride, Louisiana 70770 )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

15066 Lockridge Avenue, Pride, Louisiana 70770, as described in Attachment A.

located in the ___Middle___ District of ___Louisiana___, there is now concealed *(identify the person or describe the property to be seized)*:

Large sums of United States currency, and ledgers, logs, or notes containing records of past, present, or future drug transactions.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and 846; and 21 U.S.C. § 843(b). | Distribution of methamphetamine; Conspiracy to distribute and to possess with the intent to distribute methamphetamine; Unlawful use of communications facilities. |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Nicholas L. Dittlinger, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/02/2015

*Judge's signature*

City and state: Baton Rouge, Louisiana    Honorable Stephen C. Riedlinger, Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF NICHOLAS L. DITTLINGER

Before me, the undersigned authority, personally came and appeared, Nicholas L. Dittlinger, a Special Agent with the Drug Enforcement Administration, who, after being duly sworn, stated the following information which he acknowledges as true to the best of his knowledge and belief:

1. I am a law enforcement officer of the United States within the meaning of Title 18 United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18 United States Code, Section 2516;

2. I am a Special Agent with the Drug Enforcement Administration (DEA), employed since February 1999, and currently assigned to the DEA Baton Rouge Resident Office (BRRO). Since becoming a Special Agent with the DEA, I have conducted numerous investigations of unlawful drug distribution in violation of Title 21 United States Code, Sections 841(a)(1), 843(b) and 846, and have conducted or participated in electronic and physical surveillance, surveillance of undercover transactions, the introduction of undercover agents, the execution of search warrants, debriefings of confidential sources, and reviews of taped conversations and drug records. Through my training, education and experience, I have become familiar with the manner in which illegal drugs are transported, stored, and distributed, and the methods of payment for such drugs. In addition, I have conducted, in connection with these and other cases, follow up investigations concerning the concealment of assets, money, bank records, etc., and the identification of co-conspirators through the use of ledgers, telephone bills and records, photographs and bank checks, as related to drug trafficking.

3. I have participated in investigations involving the interception of wire and electronic communications devices, and I am familiar with the ways in which drug traffickers conduct their business, including, but not limited to, their methods of importing and distributing drugs, collecting and storing money proceeds from their drug distribution operations, their use of cellular telephones and of digital display paging devices, and their use of numerical codes and code words to conduct their transactions.

4. As set forth below, I am conducting an investigation of Tonya Crawford (hereinafter **CRAWFORD**) (white/female, DOB:12/11/1973, SSN: xxx-xx-1075, LA OLS/OLN: 5703673) and the Crawford Drug Trafficking Organization (hereinafter **CRAWFORD DTO**) for conspiracy to distribute and to possess with the intent to distribute methamphetamine, in violation of Title 21, United States Code, Section 846; distribution of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1); and unlawful use of communications facilities, in violation of Title 21, United States Code, Section 843(b).

5. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses. This Affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. This Affidavit is made in support of an Application for Search Warrant for **CRAWFORD**'s residence located at 15066 Lockridge Avenue, Pride, Louisiana 70770, for large sums of United States currency, and ledgers, logs, or notes containing records of past, present, or future drug transactions.

## FACTS

6. On August 25, 2015, agents initiated an investigation into the **CRAWFORD DTO**. Agents contacted a confidential source (CS) who provided information on the techniques used by the **CRAWFORD DTO** to traffic methamphetamine in the Baton Rouge, Louisiana area. The CS stated that he/she was in contact with **CRAWFORD** and had purchased methamphetamine from **CRAWFORD** numerous times in the past, including within the past month.

7. CS is a known reliable source from prior law enforcement investigations dating back to 2013. CS has worked in an undercover capacity at the direction of law enforcement and conducted negotiations and purchases of illegal drugs resulting in arrests. The CS has a criminal history consisting of several convictions in Louisiana state court for theft, narcotics and other crimes. CS is motivated by monetary compensation for the information and services provided to DEA in the investigation of the **CRAWFORD DTO**. To your Affiant's knowledge, the CS has never provided misleading or incorrect information while assisting law enforcement in its investigations. To the extent possible, the information provided by the CS has been corroborated by independent sources.

8. CS identified 15066 Lockridge Avenue, Pride, Louisiana 70770, as **CRAWFORD**'s known residence, and local municipal utility services for 15066 Lockridge Avenue, Pride, Louisiana 70770, are listed under **CRAWFORD**'s name. Additionally, physical surveillance by agents captured **CRAWFORD** leaving 15066 Lockridge Avenue, a location described by **CRAWFORD** as her home over wire communications intercepted at the time of the physical surveillance.

9. Through evidence collected from the CS, source documentation, physical surveillance, and wire and electronic interceptions, **CRAWFORD** has been identified as the leader of an organization that is distributing large quantities of methamphetamine in the Baton Rouge area. At the direction of law enforcement, CS conducted two controlled purchases for methamphetamine from **CRAWFORD** on September 3, 2015, and September 17, 2015. Subsequently, wire and electronic interceptions for three (3) different telephones used by **CRAWFORD** were authorized. Most pertinent, on October 22, 2015, the Honorable James J. Brady ordered wire and electronic interceptions over telephone number (225) 347-7182, International Mobile Station Equipment Identity (IMEI): 01343600210976, a prepaid cellular telephone serviced by AT&T with a listed subscriber of Dayton CRAWFORD, 3333 Newell, Zachary, Louisiana 70791, and known to be used by **CRAWFORD** (hereinafter referred to as "**TARGET TELEPHONE 3**").

10. As a result of said Order, the following wire and electronic communications have been intercepted:

    a) On October 26, 2015, at approximately 5:56 p.m., **TARGET TELEPHONE 3** received an incoming telephone call (session 989) from an unknown number and unknown subject. The following wire communication, in pertinent part, was intercepted:

> **CRAWFORD**: No you can't come to my house in my driveway cause things are too crazy around my house I don't want nobody to be seen at my house.
> UNKNOWN SUBJECT: okay.
> **CRAWFORD**: I will just leave it outside or something I will do something somewhere I will figure out something just tell me what you want babe.
> UNKNOWN SUBJECT: Ahh
> **CRAWFORD**: Remember you owe me two hundred dollars though.
> UNKNOWN SUBJECT: yeah I know  Ahh fuck I'm sitting here waiting on a nigger right now.

4

(later in the conversation)
UNKNOWN SUBJECT: How much you want for—a half?
**CRAWFORD**: I don't know ahh, I do six, that's what I do for everybody...six. A half, five-fifty, something like that...I don't know.

b) During the above telephone conversation, **CRAWFORD** and an unknown subject discuss meeting to conduct a methamphetamine transaction. **CRAWFORD** states that she does not want unknown subject to visit her house, because she is concerned that her neighbors and others may alert law enforcement. **CRAWFORD** states to unknown subject that he/she owes **CRAWFORD** $200 (affiant believes for a previous drug transaction) and unknown subject states that he knows of his debt. Unknown subject asks **CRAWFORD** how much one half of an ounce of methamphetamine will cost, and **CRAWFORD** states that it will cost $600, which is the price she sells to her customers, but then states that she will sell a half of an ounce of methamphetamine for $550. Affiant knows, based on training and experience, that these prices are consistent with the current market value of methamphetamine in the Baton Rouge, Louisiana area.

c) On October 28, 2015, at approximately 3:57 p.m., **TARGET TELEPHONE 3** sent an outgoing SMS text message (session 1442) to (225) 347-8378 (a telephone known to be used by Derrick Sanchez, a methamphetamine distributor in the **CRAWFORD DTO**). The SMS text message stated: MY SONS GONNA BE OVER TONIGHT AND I'M IN TOWN NOW U THINK U CUD GET THIS FOR UR FRIEND?

d) During the above SMS text message, **CRAWFORD** states to Derrick Sanchez that her son, Dayton Crawford, will be at her house later that night and she wants to conduct the methamphetamine transaction somewhere in Baton Rouge. **CRAWFORD** states that she is in Baton Rouge now and is available for the transaction. **CRAWFORD**

5

does not want to conduct any drug transactions in the presence of her son, especially not at her residence when he is present. Additionally, through wire and electronic communications intercepted, Affiant knows Dayton Crawford visits and has stayed overnight at **CRAWFORD**'s residence.

    e)    At approximately 4:56 p.m., **TARGET TELEPHONE 3** sent an outgoing SMS text message (session 1501) to (225) 921-4857. The SMS text messages stated: DAYTONS COMING TONIGHT SO I NEED TO TAKE CARE OF IT ALL WHEN I COME WHAT TIME U HOME I COME THEN R IF U LEAVE THE ROOSTERS COOL.

    f)    During the above SMS text message, **CRAWFORD** advises unknown caller that her son, Dayton Crawford, will be at her house tonight, so she will leave the methamphetamine for the unknown caller under a rooster ornament. **CRAWFORD** does not want to conduct methamphetamine transactions in the presence of her son.

    g)    At approximately 8:32 p.m., **TARGET TELEPHONE 3** received an incoming SMS text message (session 1619) from telephone number (225) 921-0084, a telephone number believed to be used by Dayton Crawford (**CRAWFORD**'s son). The SMS text message stated: YOU JUST GOT LUCKY YOUR MONEY IN THE OVEN DIDNT BURN.

    h)    At approximately 8:55 p.m., **TARGET TELEPHONE 3** initiated an outgoing telephone call (session 1631) to (225) 921-0084. The following wire communication, in pertinent part, was intercepted:

> **CRAWFORD**: I can't believe I didn't tell you about the money in there
> **DAYTON**: I preheated the oven to 250 to cook a pizza and found money in the oven.
> **CRAWFORD**: Did the money melt?
> **DAYTON**: Only the ziplock.

6

> **CRAWFORD**: Thank God you only preheated the oven to 250 because my $20,000 would have melted.
> **DAYTON**: If the cops bust in here and you go to jail, I'll know why.
> **CRAWFORD**: For what? Because I have money? I got all my papers to prove it. That's why I have the tax forms. Are you going to be there when I get home?
> **DAYTON**: I didn't think you were going to be gone that long.

  i)  During the above SMS text message and wire interception, Dayton advised **CRAWFORD** that he was in the kitchen at 15066 Lockridge Avenue, Pride, Louisiana 70770, preparing to cook a pizza. Dayton preheated the oven to 250 degrees to cook the pizza when he realized that there was cash hidden inside the oven. **CRAWFORD** did not tell Dayton that she had hidden cash inside the oven. **CRAWFORD** was glad that the money did not melt and Dayton stated that only the ziplock bag housing the money melted. Dayton stated that he knows why the cops will arrest **CRAWFORD** if they go inside the house, and **CRAWFORD** replies that the money is legitimate and she has IRS forms to prove it. Dayton asked **CRAWFORD** if she was coming home soon, because he didn't think she was going to be gone that long.

  11.  Affiant knows, based on training and experience, that drug traffickers hide cash and other drug proceeds in areas like ovens, refrigerators, microwaves, and other common household appliances. These tactics are employed in order to protect their cash and proceeds from thieves as well as from law enforcement. Additionally, illegal cash proceeds from drug trafficking, if deposited into a bank account or other legitimate financial account, will alert the financial institutions and law enforcement authorities of the deposit, and without proof of lawful acquisition, said cash proceeds are subject to forfeiture.

  12.  Furthermore, agents have conducted a financial investigation on **CRAWFORD** to include obtaining a FinCEN report on August 31, 2015. Agents were

unable to identify any bank accounts used by **CRAWFORD**. Also, Louisiana Workforce Commission records show that **CRAWFORD** has no reported income from 2011 to September 11, 2015.

13.  Based on my training, experience, and the forgoing facts, including common tactics by drug traffickers to collect, handle and store cash proceeds from the distribution of controlled substances, I respectfully request that the attached Search Warrant be issued authorizing the seizure of large sums of United States currency, and ledgers, logs, or notes containing records of past, present, or future drug transactions from **CRAWFORD**'s residence located at 15066 Lockridge Avenue, Pride, Louisiana 70770.

Nicholas L. Dittlinger
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me
on this 2nd day of November, 2015,
Baton Rouge, Louisiana

HONORABLE STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE
MIDDLE DISTRICT OF LOUISIANA

8

## ATTACHMENT A

### PROPERTY TO BE SEARCHED

Authorization to search: 15066 Lockridge Avenue, Pride, Louisiana 70770.

This address is a brownish-red, single family house located at 15066 Lockridge Avenue, Pride, Louisiana 70770, in a wooded area. The residence is surrounded by residential trailers. If traveling South on Crystal Drive, take a left on Lockridge Avenue, continue to the end of Lockridge Avenue, which surface road changes from pavement to gravel. On the gravel surface of Lockridge Avenue, the brownish-red, single family house (15066 Lockridge Avenue, Pride, Louisiana 70770) is the first single family house on your right hand side.


AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
для the
Middle District of Louisiana

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 15- *MJ-116-UNA*
15066 Lockridge Avenue, Pride, Louisiana 70770 )
)
)

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Middle _____ District of _____ Louisiana _____
*(identify the person or describe the property to be searched and give its location):*

15066 Lockridge Avenue, Pride, Louisiana 70770, as described in Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

Large sums of United States currency, and ledgers, logs, or notes containing records of past, present, or future drug transactions.

**YOU ARE COMMANDED** to execute this warrant on or before   *11/16/2015*   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   _____ Stephen C. Riedlinger _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: *11/2/2015 5:00 pm*   _____*[signature]*_____
                                                                          *Judge's signature*

City and state:   Baton Rouge, LA   _____   Honorable Stephen C. Riedlinger, Magistrate Judge
                                              *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: 15- | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
Executing officer's signature

_____
Printed name and title

ATTACHMENT A

## PROPERTY TO BE SEARCHED

Authorization to search: 15066 Lockridge Avenue, Pride, Louisiana 70770.

This address is a brownish-red, single family house located at 15066 Lockridge Avenue, Pride, Louisiana 70770, in a wooded area. The residence is surrounded by residential trailers. If traveling South on Crystal Drive, take a left on Lockridge Avenue, continue to the end of Lockridge Avenue, which surface road changes from pavement to gravel. On the gravel surface of Lockridge Avenue, the brownish-red, single family house (15066 Lockridge Avenue, Pride, Louisiana 70770) is the first single family house on your right hand side.